WILLIAM S. HUNGERFORD, Plaintiff in Error.

*vs.*

DENNIS PERKINS, Defendant in Error.

**ERROR TO CIRCUIT COURT, ST. CROIX COUNTY.**

P. sued H. upon a promissory note payble to P. H. and W.; and indorsed, " Pay P., signed by P. H. and W ; also indorsed in blank by P. Held that P. could recover without any other proof than the note. In the absence of all proof to the contrary, the court will presume that P. H. and W., indorsed the note as individuals, and not as partners.

The possession of a promissory note by the indorsee, by whom the suit is brought is evidence, under the statute, that the note was legally indorsed, and the holder is entitled to recover.

This was an action on a promissory note. The facts of the case are fully stated in the opinion of the court, to which reference is made.

*J. H. Knowlton,* for the plaintiff in error.

1. The plaintiff to recover should have proved the partnership of the first indorsers. Chitty on Bills, 228 ; 8 B. and C. 436 ; *Palmer vs. Stephens,* 1 Den., 447 ; 3 Humph., 209 ; *Williams vs. Johnson,* 1 B. and C., 44 ; 2 D. and R., 281 ; *Carvick vs. Vickery,* Doug. 653. The plaintiff did not aver the partnership, and so was not within our statute.

2. The plaintiff having introduced the note, the law would presume that he had transferred it, and therefore did not own it at the time.

*A. D. Gray,,* for the defendant in error.

The name of the plaintiff indorsed on the note did not

estop him from claiming title to the note; nor did it prove that he had with parted it. Chitty on Bills. 256, 257.

*By the Court,* Cole, J. On the trial of this cause, the defendant in error, who was the plaintiff below, offered and read in evidence a promissory note given by Hungerford and made payable to the order of Perkins, Hopkins, and White. Upon the back of the note were the following indorsements: " Pay Dennis Perkins," signed " Perkins, Hopkins & White," and a blank indorsement signed " Dennis Perkins." This was all the evidence introduced by the plaintiff below. Hungerford by his counsel then moved for a non-suit, on the ground that the evidence did not support the declaration in this, that the indorsement of the note in blank by Dennis Perkins estopped him from setting up any title to or interest in the note, and proved that by the indorsement he had passed his interest in the note. The circuit court overruled the motion for a non-suit, and rendered judgment in favor of Perkins for the amount of the note.

The correctness of this ruling of the circuit court in denying the motion for a non-suit, is the only question we have to consider.

It will be borne in mind that this was an action by an indorser against the maker of a promissory note. Our statute (section 92, chap. 98) declares that the possession of a promissory note in an action brought by the indorsee, shall be *prima facia* evidence that the same was indorsed by the persons by whom it purported to be indorsed; and we suppose, by well settled principles of law, that although Dennis Perkins' name was on the back of the note, yet since he had the actual possession of it, he was to be regarded, unless the contrary appeared in evidence, as the bona fide holder and proprietor of the note and entitled to recover thereon. *Dugan vs. The*

*United States,* 3 Wheat. R., 173 ; *Norris vs. Badger and another,* 6 Cowen R., 449 ; *Dean vs. Hewitt,* 5 Wend. R., 257, and cases cited by the court and counsel.

Another objection is taken upon the brief of the counsel for the plaintiff in error, which is, that Perkins in order to recover upon this note was bound to show that his immediate indorsers, the payees, were partners. There is no averment in the declaration that Perkins, Hopkins and White were partners, and no proof whatever in the case going to show that they were at the time of making the indorsement.

Whatever their relation was to each other, in the absence of all proof upon the point, we must presume that as individuals they indorsed the note to the defendant in error.

The judgment of the circuit court must be affirmed.